ON MOTION FOR REHEARING/CLARIFICATION

ANTOON, Judge.
The state has filed a motion for rehearing/elarifieation of our opinion dated March 7,1997. We grant the motion, withdraw the March 7 opinion, and issue this opinion in its stead. In this regard, we have now received a completed record on appeal and, as a result, we are able to properly review the trial court’s suppression order. Upon review, we affirm.
The defendant was charged with battery on a law enforcement officer,[1] resisting an officer with violence,[2] and possession of cannabis.[3] The defendant filed a pretrial motion to suppress evidence which had been seized at the time of his arrest. Following an evi-dentiary hearing, the trial court entered an oral ruling granting the motion and suppressing “everything that occurred after [the] pretextual stop ...” The trial court then signed the court minutes, noting that the “defense motion [is] granted.” The state appealed this order, arguing that the trial court had improperly dismissed the charges against the defendant. Upon initial review, it was unclear to this court exactly what evidence the trial court intended to suppress. Accordingly, we entered a sua sponte order directing the trial court to supplement the record with a written order describing the nature of its ruling.
The trial court thereafter promptly responded by entering a written order explaining that it had suppressed the “cannabis ... and other physical evidence taken from the person of [the defendant]” because the evidence had been seized following an unlawful detention. The trial court concluded that the detention was unlawful because the police lacked any articulable suspicion to justify the detention.
On appeal, the state has not challenged the suppression order. Instead, as noted above, the state argues only that the trial court erred in dismissing the charges against the defendant. We affirm the trial court’s order because it is now clear that the order on appeal is a suppression, not a dismissal, order.
Additionally, we note that, in reaching the conclusion that suppression was warranted in this case, the trial court must not have believed the testimony of the state’s witness regarding the detention. In ruling, the court referred to the testimony as “disingenuous.” This determination concerning the credibility of the witness is within the realm of the trier of fact and will not be disturbed on appeal. See State v. Polak, 598 So.2d 150 (Fla. 1st DCA 1992).
AFFIRMED.
PETERSON, C. J., and THOMPSON, J., concur.

. § 784.07, Fla. Stat. (1993).

. § 843.01, Fla. Stat. (1993).

. § 893.13, Fla. Stat. (1993).